Filed 6/24/14  P. v. Brown CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>BRANDON LAMAR BROWN,<br><br>    Defendant and Appellant. | G048977<br><br>(Super. Ct. No. 06NF1301)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Patrick Donahue, Judge.  Affirmed.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

\*          \*          \*

This matter is before us for the second time after we earlier reversed defendant's sentence and remanded the case for resentencing. Accordingly, we quote liberally from our prior nonpublished opinion. (*People v. Brown* (Sept. 25, 2012, G045242) (*Brown I*).)

Defendant Brandon Lamar Brown was convicted by jury of nine counts of committing lewd and lascivious acts upon a child under the age of 14. (Pen. Code, § 288, subd. (a).)[1] "Each offense occurred between July 1 and September 30 of 2005. The jury found true the allegations that defendant committed the offenses against more than one victim (§ 1203.066, subd. (a)(7)) and had substantial sexual conduct with them (§ 1203.066, subd. (a)(8).)" (*Brown I*, *supra*, G045242.) The court sentenced defendant "to 15 years to life on one count and concurrent terms of 15 years to life on the remaining eight counts." (*Ibid*.)

We reversed the sentence and remanded the case for resentencing because "the court erroneously applied statutory law that came into effect after [defendant had] committed his crimes" (*Brown*, *supra*, G045242), thereby violating ex post facto principles. "Under the versions of sections 667.61 and 1203.066 in effect in 2005 (when defendant committed the crimes), he was eligible for probation if the court made five specific findings under section 1203.066, subdivision (c), *and*, if the court found him eligible for probation he was *not* subject to a mandatory prison term of 15 years to life per offense under section 667.61, subdivision (b)." (*Ibid*.) Under a later version of section 1203.066, defendant was statutorily ineligible for probation. The sentencing court applied the later version of the law, and thus did not consider the five specific criteria (or make findings thereon) under the earlier and relevant version of the statute which, if true, would have made defendant eligible for probation and not subject to a *mandatory* prison term of 15 years to life.

---

[1] All statutory references are to the Penal Code.

On remand, the court[2] held a sentencing hearing in which it reviewed the transcripts of the trial testimony, other evidence received at the trial, the parties' resentencing briefs, (defendant's brief included declarations by the victims of each of defendant's crimes and defendant's mother), an assessment of defendant done by a psychologist at defendant's request, a probation and sentencing report, and additional live testimony from the victims and defendant's mother.

The court found that defendant met four of the five specific criteria for probation eligibility, but did *not* meet the third criteria, namely, that "[r]ehabilitation of the defendant is feasible, the defendant is amenable to undergoing treatment, and the defendant is placed in a recognized treatment program . . . ." (Former § 1203.066, subdivision (c)(3).) Defendant was again sentenced to nine concurrent prison terms of 15 years to life. The court awarded total presentence custody credits of 2,962 days.

Defendant filed a timely notice of appeal and we appointed counsel to represent him. Counsel did not argue against defendant, but advised the court she was unable to find an issue to argue on defendant's behalf. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was given the opportunity to file written argument in his own behalf, but he has not done so.

Defendant's appellate counsel has suggested we review the record to determine whether the court abused its discretion by denying probation and imposing a life sentence under the One Strike Law, section 667.61, former subdivision (c)(7). But by filing a brief pursuant to *People v. Wende, supra*, 25 Cal.3d 436, counsel represents that after a thorough review of the record, she was unable to identify an arguable issue. We disregard the potential issue suggested by counsel because, by the very nature of a *Wende* brief, counsel is unable to provide supporting arguments. Issues not supported by reasoned argument need not be addressed. (*Associated Builders & Contractors, Inc. v.*

[2] A different sentencing judge was assigned to preside over the resentencing. The original sentencing judge was deceased.

3

*San Francisco Airports Com.* (1999) 21 Cal.4th 352, 366, fn. 2.) In any event, in the course of conducting our independent review, we have considered the potential issue suggested by counsel and conclude, as did she, that it is not arguable.

The court found rehabilitation of defendant was not feasible and that he was not amenable to undergoing treatment, one of the necessary conditions of probation eligibility under former section 1203.066, subdivision (c)(3). That finding is supported by substantial evidence. The court observed that the psychologist's report, which had recommended "'applying for Delancy Street or another self-motivated life-change program that involves a long-term residential period,'" had concluded, "'[W]hat is needed for [defendant] is not rehabilitation, but habilitation, as he has not yet learned to provide for his basic needs.'" The court concluded that it did "not believe that there is anything that the court reviewed that rehabilitation was feasible." "Where I have a problem with the five factors is basically the amenability and the feasibility."

The court also noted that defendant "did not complete sex offender counseling after he was placed in the juvenile facility for the sex offense committed against his sister." The court went further and considered "the criteria affecting probation listed in California Rules of Court, [rule] 4.414," and concluded that probation was not an appropriate disposition.

Even if all five factors under former section 1203.066, subdivision (c) were met, the "sentencing court 'retain[ed] the discretion' to find the defendant unsuitable for probation and to order imprisonment." (*People v. Wutzke* (2002) 28 Cal.4th 923, 932, fn. 7; former § 1203.066, subdivision (c)(5).) The court did not abuse its discretion.

4

## DISPOSITION

The judgment is affirmed.


                                IKOLA, J.

WE CONCUR:


MOORE, ACTING P. J.


ARONSON, J.